BRYAN, Judge,
concurring in part and concurring in the result.
I fully concur in Part I of the main opinion; however, with respect to Part II of the main opinion, I concur in the result only.
In support of their summary-judgment motions, J.F. Pate & Associates Contractors, Inc. (“J.F. Pate”), and Western Surety Company (“Western Surety”) submitted the affidavit of John A. Pate, the chief operating officer of J.F. Pate. In pertinent part, Pate’s affidavit stated:
“Seneca quarry tiles were provided by The Finish Line to Delta Flooring pursuant to a purchase order issued by the Board of Education pursuant to the Delta Flooring subcontract. Delta Flooring installed some of these tiles in the gymnasium canteen of the Foley Middle School.
“I attended a meeting on May 8, 2008 at the school to inspect the tiles as installed. This meeting was attended by representatives of The Finish Line, J.F. Pate, the architect and Delta Flooring. Extensive warping of the tiles was very evident, and the tiles appeared to me to be clearly defective and unacceptable. The project architect declared the tiles defective and unacceptable. The Finish Line representative requested an opportunity to provide a mock-up to demonstrate a solution to the unacceptable and extreme warpage problem. Nine tiles were selected at random from several boxes for this mock-up.
“On or about May 14, 2008, the Finish Line representative produced the mockup with these nine tiles installed. Again, the defective condition and extreme warpage of the tiles was clearly evident. It was evident that the tiles could not be installed so as to avoid a trip hazard.”
(Emphasis added.) The portions of Pate’s affidavit emphasized above constituted substantial evidence indicating that the tiles were defective. The Finish Line d/b/a Clay, Metal and Stone (“Finish Line”) submitted three tardy affidavits in opposition to J.F. Pate’s and Western Surety’s summary-judgment motions. J.F. Pate and Western Surety moved the trial court to strike those affidavits on the ground that they were tardy, and the trial court struck them. Thus, Pate’s affidavit testimony establishing that the tiles were defective was undisputed.
In my opinion, J.F. Pate and Western Surety’s submission of Pate’s undisputed affidavit testimony establishing that the tiles were defective disposes of Finish Line’s contention that a genuine issue of material fact exists regarding whether the tiles were defective without the need to *762 reach the issues discussed in Part II of the main opinion.